JDeadebick, J.,
delivered the opinion of the court.
The plaintiff sued the intestate of defendants for the value of a piano sold him. He pleaded nil debit -and payment. In the life-time of defendant’s, intestate against whom this suit was instituted, plaintiff’s deposition was taken in this cause. On the trial she offered to read it. It was objected to upon the ground that the suit was now against the administrators of deceased, and the deposition was inadmissible. The objection was sustained by the court. It has been held by this court that a deposition of a party, taken in the life-time of the adverse party, but not offered in evidence until after his death, can not be read as evidence against his personal representatives.
The defendant was allowed to prove that plaintiff was a married woman at the time of the sale of the piano, over the objection of plaintiffs. This objection goes to the right of the wife to sue for and recover the value of the property sold, not upon the ground that she cannot sue alone, but because having no ■right to the property sold, she can not in any form maintain the action. It does not appear that the property sold was her separate property; on the contrary, upon the facts disclosed, the law makes it the property of the husband.
By the common law the wife can neither bind herself by contract, nor acquire any right by a contract made with her. The result is, as far as this record shows the facts, she had no right to the property, and acquired no right to bring suit for its value; *596 and this fact, which affects the cause of action, and not merely the form in which it is brought, may be shown under the plea of nil debit, and need not be pleaded in abatement.
The judgment of the court below will be affirmed.